# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HUAZHI ERIC HAN, | ) |
| Plaintiff, | ) |
| | ) No. 15-cv-01582 |
| v. | ) |
| | ) Judge Andrea R. Wood |
| FEDEX EXPRESS, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Eric Han claims that Defendant FedEx Express ("FedEx") lost a package of iPhones that Han paid FedEx to ship from Chicago, Illinois to Dubai, United Arab Emirates. Han sued FedEx in the Circuit Court of Cook County, Illinois, asserting state law claims for negligence, negligent supervision, and breach of contract. After being served in the state court action, FedEx timely removed this case to the U.S. District Court for the Northern District of Illinois. Before the Court is Han's motion to remand the case back to the Circuit Court of Cook County ("Motion") (Dkt. No. 15). For the reasons stated below, the Court concludes that this case was not properly removed and therefore grants the Motion.

## BACKGROUND

In his Complaint,[1] Han alleges that he purchased 79 Apple iPhones on October 14, 2014. (Compl. ¶ 10, Dkt. No. 3-1.) That same day, he divided the iPhones into two packages to be shipped by FedEx to Dubai in the United Arab Emirates. (*Id*. ¶ 11.) One of the packages contained 51 iPhones ("Package A") and the other contained 28 iPhones ("Package B"). (*Id*. ¶ 13.) Han received a "drop-off receipt" when he delivered the packages to FedEx. (*Id*. ¶ 16.)

---

[1] FedEx filed its Notice of Removal (Dkt. No. 3) after being served with Han's amended complaint ("Complaint") (Dkt. No. 3-1).

According to FedEx tracking summaries available online, Package B left the FedEx facility where it had been dropped off that same night and ultimately arrived at its destination, but Package A never departed the facility and did not reach its destination. (*Id.* ¶¶ 19, 22-26.) Even so, soon after Han dropped off the packages with FedEx and before Package B arrived at its destination, 51 of the iPhones purchased by Han (*i.e.*, the number of phones contained in Package A) were activated. (*Id.* ¶¶ 30-31.)

Han filed a three-count complaint alleging negligence, negligent supervision, and breach of contract in the Circuit Court of Cook County, Illinois, Law Division. FedEx removed the case to this Court. In its Notice of Removal, FedEx asserts that this Court has original jurisdiction over Han's claims "[b]ecause this action involves an air shipment of cargo from the United States to United Arab Emirates" and therefore Han's claims are "governed by the Montreal Convention, a treaty of the United States," and also because "a suit against a common carrier that uses air to transport goods arises under federal common law." (Notice of Removal ¶¶ 2-3, Dkt. No. 3.)

## DISCUSSION

Under the federal removal statute, a civil action brought in state court but over which a federal district court also would have original jurisdiction may be removed by the defendant to the federal district court for the district encompassing the place where the state action is pending. 28 U.S.C. § 1441(a). In such cases, "[t]he party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009) (citing 28 U.S.C. § 1441(a)). Here, FedEx claims that this Court has original jurisdiction based on 28 U.S.C. § 1331 because this case arises under a treaty of the United States—namely, the Montreal Convention. Convention for the Unification of

Certain Rules for International Carriage by Air, May 28, 1999, S. Treaty Doc. No. 106-45, 2242 U.N.T.S. 309 (hereinafter, "Montreal Convention"). As the party seeking removal, FedEx bears the burden of establishing this jurisdictional basis.

The Montreal Convention, which is a successor to the Warsaw Convention, is an international treaty governing liability for "international carriage of persons, baggage, or cargo performed by aircraft for reward." Montreal Convention, *supra*, art. 1. The determination that a case involves international carriage of cargo, however, does not end the inquiry as to whether the Montreal Convention preempts the plaintiff's state law claims. Rather, preemption occurs "for all air transportation to which the Convention applies, if an action for damages, however founded, falls within one of the Convention's three damage provisions." *Weiss v. El Al Israel Airlines, Ltd.*, 433 F. Supp. 2d 361, 365 (S.D.N.Y. 2006) *aff'd sub nom. Weiss v. El Al Israel Airlines*, 309 F. App'x 483 (2d Cir. 2009). FedEx's assertion that "the Montreal Convention took effect the moment Han tendered his shipment to FedEx for carriage" (Def.'s Opp'n at 8, Dkt. No. 21) is incorrect. As the U.S. Supreme Court explained in discussing an airline's liability for passenger injuries:

> [T]he Convention addresses and concerns, only and exclusively, the airline's liability for passenger injuries occurring on board the aircraft or in the course of any of the operations of embarking or disembarking. [T]he Convention's preemptive effect on local law extends no further than the Convention's own substantive scope. A carrier, therefore, is indisputably subject to liability under local law for injuries arising outside of that scope: e.g., for passenger injuries occurring before 'any of the operations of embarking or disembarking.

*El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 171-72 (1999) (internal quotation marks and citations omitted; second substitution in original).[2]

---

[2] The Court notes that *El Al Israel Airlines* is a case FedEx cited in its own brief. (Def.'s Opp'n at 4, Dkt. No. 21.)

3

Here, the damage provision at issue is Article 18, which provides that "[t]he carrier is liable for damage sustained in the event of the destruction or loss of or damage to, cargo upon condition only that the event which caused the damage so sustained took place ***during the carriage by air***." Montreal Convention, *supra*, art. 18 (emphasis added). The Complaint does not allege that the loss of Han's package occurred "during the carriage by air;" instead, it alleges that FedEx lost Han's package without ever sending it by air at all. As such, the Montreal Convention does not apply. *See Seagate Logistics, Inc. v. Angel Kiss, Inc.*, 699 F. Supp. 2d 499, 506 (E.D.N.Y. 2010) ("Claims for non-performance of a shipping contract do not fall within the scope of the Montreal Convention."). As in *Seagate*, nothing on the face of Han's complaint suggests a claim arising under the Montreal Convention, as "plaintiff is not alleging a violation of the Montreal Convention, plaintiff's suit is not against an international air carrier and it does not seek damages for personal injuries resulting from an accident (Article 17), lost or damaged baggage (Article 18) or delay (Article 19) associated with an international flight." *Id*. The cases cited by FedEx in opposition to remand are inapposite—not one of them stands for the proposition that the Montreal Convention applies to claims for a lost shipment that the carrier never actually transported or that such claims arise under federal common law.[3]

---

[3] *See, e.g.*, *Treiber & Straub, Inc. v. U.P.S., Inc.*, 474 F.3d 379, 384 (7th Cir. 2007) ("[A] claim for lost or damaged goods ***transported*** by a common air carrier arises under federal common law and thus falls within the district court's federal question jurisdiction.") (emphasis added); *Jacob v. Korean Air Lines Co.*, 606 F. App'x 478 (11th Cir. 2015) ("Article 17.2 of the Montreal Convention provides the exclusive remedy for a claim for property lost or damaged ***during*** international carriage.") (emphasis added); *Cont'l Ins. Co. v. Fed. Express Corp.*, 454 F.3d 951, 952 (9th Cir. 2006) (case involving "goods lost ***in shipment***") (emphasis added); *Onyeanusi v. Pan Am*, 952 F.2d 788, 789 (3d Cir. 1992) ("This appeal involves a claim against Pan Am resulting from Pan Am's alleged mishandling of human remains which it ***transported*** from New York to Nigeria.") (emphasis added); *Masudi v. Brady Cargo Servs., Inc.*, No. 12-CV-2391 DLI, 2014 WL 4416502, at *1 (E.D.N.Y. Sept. 8, 2014) ("Air Transat then ***transported the Shipments*** by truck from New York to Canada, where they were flown from either Toronto or Montreal to Punta Cana. . . . Plaintiff contends that one shipment . . . was seized, delayed, and arrived missing pieces.") (emphasis added); *Aretakis v. Fed. Express Corp.*, No. 10 CIV. 1696 JSR KNF, 2011 WL 1226278, at *1 (S.D.N.Y. Feb. 28, 2011) *report and recommendation adopted,* No. 10 CIV. 1696 JSR, 2011 WL 1197596 (S.D.N.Y. Mar. 25, 2011) (case involving a package that was transported but not delivered on time); *Sahar v. Am.*

FedEx is in the best position to know whether the alleged loss of Han's iPhones occurred during transport, and thus whether federal jurisdiction exists, yet it has offered no evidence on the issue. Instead, FedEx offers only speculation that it "is not necessarily true" that the iPhones were lost before shipment, that "[m]any possibilities exist with regard to what happened to plaintiff[']s missing cell phones," and that "[t]here are numerous possibilities as to what happened to plaintiff's lost cell phones that include them entering the stream of commerce without being stolen." (Def.'s Opp'n at 8, Dkt. No. 21.) Although FedEx asserts that the discovery process should provide answers to the question of when the iPhones were lost, FedEx provides no explanation as to why it would need discovery from Han (or a third-party) to determine whether it ever transported the lost iPhones.

In sum, FedEx has made no showing that this case falls under the Montreal Convention or that it arises under federal common law. Furthermore, the Court is not aware of any reason FedEx would be unduly prejudiced by remand. Even after initial removal of an action results in remand, it is still possible for the action subsequently to be properly removed to federal court. *See, e.g.*, *Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 782-83 (7th Cir. 1999) ("A premature removal may lead to a perfectly justified remand; but when matters change—for example, by dismissal of a party whose presence spoiled complete diversity of citizenship, or by a disclosure that the stakes

---

*Airlines*, No. 93 C 3878, 1993 WL 524245, at *1 (N.D. Ill. Dec. 10, 1993) (Plaintiff "alleged that twenty-seven pounds of the Lapis stones were stolen from the shipping container sometime ***after they cleared customs***.") (emphasis added); *Eggink v. Trans World Airlines, Inc.*, No. 87 CIV. 3403 (SWK), 1990 WL 6553, at *2 (S.D.N.Y. Jan. 22, 1990) (the complaint "alleges damages to goods ***during*** international air transport") (emphasis added); *Kenner Prods. - Gen. Mills, Inc. v. Flying Tiger Line, Inc.*, No. 87 C 126, 1987 WL 11629, at *1 (N.D. Ill. May 22, 1987) *on reconsideration,* No. 87 C 126, 1987 WL 17533 (N.D. Ill. July 20, 1987) ("In the ***course of the transport***, the steel mold was lost.") (emphasis added); *Jahanger v. Purolator Sky Courier*, 615 F. Supp. 29, 30 (E.D. Pa. 1985) (case involving a shipment that was transported but not delivered on time); *Recumar Inc. v. KLM Royal Dutch Airlines*, 608 F. Supp. 795, 796 (S.D.N.Y. 1985) (case involving "cargo allegedly ***shipped and lost*** by defendant") (emphasis added).

exceed the jurisdictional amount—the case may be removed, provided only that it is less than one year old.").

## **CONCLUSION**

For these reasons, FedEx has not met its burden of establishing that this action was properly removed to federal court. Han's motion to remand (Dkt. No. 15) is granted.

ENTERED:

Dated: September 2, 2015

Andrea R. Wood
United States District Judge